USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA  :

      - v. -  :

OFER ABARBANEL,  :

          Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

S1 21 Cr. 532 (LAK)

WHEREAS, on or about September 7, 2022, OFER ABARBANEL, (the "Defendant"), was charged in a one-count Superseding Information, 21 Cr. 532 (LAK) (the "Information") with investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17, and Title 18, United States Code, Section 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, including but not limited to the following specific property:

    a)   A sum of money of at least $106 million;

    b)   All funds on deposit in the following accounts:

        i.     Account number 4533874905, held in the name of Income Collecting 1-3 Months T-Bills Mutual Fund, at Wells Fargo Bank, N.A.;

        ii.    Account number 4102115664, held in the name of North American Liquidity Resources LLC, at Wells Fargo Bank, N.A.;

        iii.   Account number 4265630277, held in the name of Institutional Syndication LLC, at Wells Fargo Bank, N.A.;

iv.    Account number 4394803043, held in the name of Growth Income Holdings LLC, at Wells Fargo Bank, N.A.;

v.    Account number 4506159805, held in the name of CLO Market Neutral LLC, at Wells Fargo Bank, N.A.;

vi.    Account number 760130450, held in the name of North American Liquidity Resources LLC, at TIAA, FSB, d/b/a TIAA Bank;

vii.    Account number 5696899191, held in the name of Institutional Syndication LLC, at PNC Bank;

viii.    Accounts number 483054402284 and 483054402297, held in the name of Institutional Secured Credit LLC, at Bank of America N.A.;

ix.    Account number 23603705, held in the name of Institutional Secured Credit LLC, at Preferred Bank;

x.    Account number 23004088, held in the name of Global EMEA Holdings LLC, at Preferred Bank;

xi.    Account number U2451002, held in the name of Income Collecting 1-3 Months T-Bills Mutual Fund, at Interactive Brokers LLC;

xii.    Accounts number U2266883, U2387218, U2487918, U2831670, U3254792, and U4325226, held in the name of North American Liquidity Resources LLC, at Interactive Brokers LLC;

xiii.    Accounts number U2283160, U2308274 and U2811903, held in the name of Institutional Syndication LLC, at Interactive Brokers LLC;

xiv.    Accounts number U2334946, U2418065 and U2776225, held in the name of Growth Income Holdings LLC, at Interactive Brokers LLC;

xv.    Accounts number U1335358, U1953330 and U3267649, held in the name of Institutional Secured Credit LLC, at Interactive Brokers LLC;

xvi.    Account number 69361044 or 62230829, held in the name of Robert K. Lu, at Vanguard Marketing Corporation, Vanguard Fiduciary Trust Company; and

xvii.    Accounts number 694R0430 and 69410436, held in the name of North American Liquidity Resources LLC, at StoneX Financial Inc.

(collectively, the "Specific Property");

One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, OFER ABARBANEL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

WHEREAS, on or about September 7, 2022, the Defendant pled guilty to Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $106,000,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitutes property traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Allison Nichols, of counsel, and the Defendant and his counsel, Glen McGorty, Esq. and Rebecca Monck Ricigliano, Esq., that:

1.    As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $106,000,000 in United States currency (the "Money Judgment"), representing proceeds traceable to the offense charged in Count

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          May 16, 2023
    ALLISON NICHOLS                            _____
    Assistant United States Attorney          DATE
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2366


OFER ABARBANEL

By: _____          5/16/23
    OFER ABARBANEL                            DATE

By: _____          5/16/23
    GLEN MCGORTY, ESQ.                        DATE
    Attorney for Defendant
    590 Madison Avenue
    New York, NY 10022
    (212) 895-4246


SO ORDERED:

_____              5/17/23
HONORABLE LEWIS A. KAPLAN                     DATE
UNITED STATES DISTRICT JUDGE